IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN B. KUZNETSOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-551 |
| | ) |
| NATIONAL CITY BANK OF PENNSYLVANIA, a corporation, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

The parties have been involved in years of litigation relating to a Surety and Guaranty Agreement. Defendant seeks the dismissal of this action based upon both lack of subject matter jurisdiction and claim preclusion. I agree that neither the United States Constitution nor "national banking laws" give me subject matter jurisdiction over what are essentially claims for breach of contract and breach of the duty of good faith and fair dealing. Additionally, I agree with the Defendant that even if I were able to exercise subject matter jurisdiction, Plaintiff's claims would be barred by the doctrine of res judicata. The Motion to Dismiss is granted.

1

**OPINION**

Plaintiff Stephen Kuznetsov ("Kuznetsov") was founder and chief executive officer of PSM Technologies, Inc. ("PSM"). In 1988, Kuznetsov and his wife agreed to serve as sureties and guarantors on a loan to PSM in the amount of $900,000.00 from Equibank, Defendant National City Bank of Pennsylvania's ("the Bank") predecessor-in-interest. Ultimately PSM defaulted on the loan and went into bankruptcy. During bankruptcy proceedings, the Bank sold its claim against PSM to Kovalchick Corporation and assigned its contractual rights under the Surety and Guaranty Agreement ("the Agreement") to Kovalchick. Kovalchick eventually confessed judgment against PSM on the promissory note and against Kuznetsov on the personal guaranty.

In 2001, Kuznetsov then filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania against the Bank, Kovalchick Corporation and Joseph Kovalchick.[1] As against the Bank, Kuznetsov claimed that it had breached the Agreement and breached its duty of good faith and fair dealing by selling the PSM loan to Kovalchick instead of to him. The trial court eventually granted summary judgment in favor of the Bank.

Kuznetsov appealed to the Superior Court of Pennsylvania. Again, Kuznetsov argued on appeal that he had a "right to pay" as surety and that the Bank's refusal to allow him to repay constituted a material breach of the Agreement. The Superior Court rejected Kuznetsov's arguments and affirmed the grant of summary

---

[1] Kuznetsov eventually settled his claims with Kovalchick Corporation and Kovalchick.

judgment.  Undeterred, Kuznetsov filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.  The Pennsylvania Supreme Court denied the Petition.  Kuznetsov subsequently filed an Application for Reconsideration of Denial of Allowance of Appeal.  The Pennsylvania Supreme Court denied this Application as well.

On April 26, 2006, Kuznetsov then initiated this action against the Bank.  In the Complaint, though Kuznetsov does not reference the extensive litigation history between the parties, he does reference the Agreement.  Specifically, he contends that the Agreement gave him the right to immediately repay the loan in the event that PSM defaulted.  See Complaint, ¶ 4.  According to Kuznetsov, when the Bank refused to permit Kuznetsov to repay the defaulted loan, it not only breached the Agreement but it breached the duty to act in good faith.

The Bank has filed a Motion to Dismiss and / or Motion for Summary Judgment.  See Docket No. 3.[2]  According to the Bank, this Court lacks subject matter jurisdiction over the matters raised in the Complaint.  In the alternative, the Bank argues, Kuznetsov's claims are barred under the doctrine of res judicata.  After careful consideration, and for the reasons set forth below, the Motion to Dismiss is granted.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable

---

[2] Though both parties have submitted numerous exhibits in conjunction with the pending Motion, I will still consider it a Motion to Dismiss. The exhibits consist of motions, briefs and opinions which were filed in the state court litigation and which constitute public records.  In evaluating a motion to dismiss, I am permitted to consider public records.  See Buck v. Hampton Tp. School District, 452 F.3d 256, 260 (3d Cir. 2006), citing, Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure Section 1357 (3d ed. 2004).

inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

### ANALYSIS

**1. Subject Matter Jurisdiction**

The Bank challenges the existence of subject matter jurisdiction over

Kuznetsov's claims. "The plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." <u>Doe v. Goldstein's Deli</u>, 82 Fed. Appx. 773, 775 (3d Cir. 2003), <u>citing</u>, <u>Gould Electronics, Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000). In the Complaint, Kuznetsov alleges that "[j]urisdiction is based upon the U.S. Constitution and laws pertaining to national banks." <u>See</u> Complaint, ¶ 3. Nothing in the Complaint suggests the assertion of a constitutional claim. Nor does Kuznetsov invoke a "national banking law." Indeed, the claims asserted appear to be nothing more than for breach of contract and breach of the duty of good faith and fair dealing. Both claims are state law claims and would not support the exercise of federal jurisdiction.

In his Response in Opposition to Defendant's Motion to Dismiss and / or Motion for Summary Judgment (<u>See</u> Docket No. 15), Kuznetsov states that:

> This court has subject matter jurisdiction. The Bank is a national bank organized under federal law and subject to the jurisdiction of federal courts. 12 U.S.C.A. § 24 provides:
> **Fourth:** to sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons." [sic] as a national bank, Defendant is subject to state law, See State of S.D. v. National Bank of S.C., D.C.S.D. 1963, 219 F. Supp. 842, affirmed 335 F.2d 444, certiorari denied 85 S.Ct. 667, 379 U.S. 970, 13 L.Ed.2d 562.

<u>See</u> Docket No. 15, p. 3. I find Kuznetsov's reference to 12 U.S.C.A. § 24 to be unconvincing. Section 24 does not grant federal subject matter jurisdiction. Rather, it grants a bank the same <u>capacity</u> to sue and be sued as a natural person. Simply stated, Kuznetsov has not demonstrated that his Complaint gives rise to a claim

5

arising under the Constitution, laws or treaties of the United States.  Nor is there any indication that diversity jurisdiction would exist.  As such, the Motion to Dismiss must be granted for lack of subject matter jurisdiction.

2. Res Judicata

Assuming, arguendo, that I could exercise subject matter jurisdiction, I turn to the Bank's argument regarding res judicata or claim preclusion.  Generally, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980).  To apply res judicata, a federal court looks to the preclusion law of the state in which the judgment was entered.  See Rose v. City of Allentown, Civ. No. 5-5319, 2007 WL 30834 at * 3 (3d Cir. Jan. 5, 2007), citing, McNasby v. Crown Cork & Seal Co., Inc., 888 F.2d 270, 276 (3d Cir. 1989).  The Third Circuit court recently observed that, in Pennsylvania:

> Res judicata bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.  Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

Rose, 2007 WL 30834 at * 3, quoting, Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995).  Having reviewed the voluminous records from the parties' state court proceedings, it is clear that Kuznetsov's claims raised in the federal complaint are barred by res judicata.  Both the federal litigation and the state litigation involve

6

Kuznetsov's alleged right under the Agreement to repay the outstanding loan; both suits involve the same parties; the state courts acted within their jurisdiction and the state court judgment was undoubtedly final.  Indeed, Kuznetsov does not even dispute that these factors are satisfied.

Instead, Kuznetsov contends that the doctrine of res judicata is inapplicable because the state court judgment is somehow "void" given the Superior Court's violation of his due process rights.  Specifically, Kuznetsov contends that the Superior Court violated his due process rights when it read his claim on appeal to be based solely on § 205 of the Restatement (Second) of Contracts, rather than as also encompassing the terms of the Agreement; when it construed the facts in favor of the Bank on the motion for summary judgment, when the Bank was the moving party; and when it misinterpreted and misapplied the relevant case law.   In short, review of Kunetsov's submissions convinces me that, though he uses other phrases, his complaint here is nothing more than that the Superior Court's decision is erroneous. As Kuznetsov himself acknowledges, however, a judgment is not void merely because it is erroneous. See Docket No. 20, p. 5 and citations set forth therein.   Such an argument does not defeat application of the doctrine of res judicata.

### ORDER OF COURT

THEREFORE, this **16th** day of January, 2007, for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 3) is GRANTED.  By way of further Order,

the Defendant's Motion for Sanctions Pursuant to Rule 11 (Docket No. 21) is DENIED. Much of the Defendant's Brief in Support of Sanctions is devoted to Plaintiff's and his counsel's conduct before the Pennsylvania Courts. I decline to award sanctions for representations made to other courts. Certainly Plaintiff's and his counsel's failure to mention the history of prior litigation in the federal complaint and the vague reference to federal jurisdiction causes me some concern, but I am not convinced that such actions warrant the imposition of sanctions. It is further Ordered that Judgment is entered in favor of Defendant and against Plaintiff. This case is closed forthwith.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge